IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CORDELL WASHINGTON<br>2001 North Hope St., Unit 1<br>Philadelphia, PA 19122<br><br>   Plaintiff,<br><br>v.<br><br>MORAN FOODS, LLC d/b/a<br>SAVE A LOT, LTD.<br>400 Northwest Plaza Drive<br>Saint Ann, MO 63074<br><br>   Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br><br>JURY DEMANDED<br><br>CASE NO. |

## COMPLAINT—CIVIL ACTION

And now Plaintiff, Cordell Washington, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to Title VII of the Civil Rights Act, have been violated and avers as follows:

### I. PARTIES

1. Plaintiff, Cordell Washington, hereinafter ("Plaintiff" or "Washington"), is an adult individual residing at 2001 N. Hope St., Unit 1, Philadelphia, PA 19122.

2. Mr. Washington identifies as gay.

3. Defendant, Moran Foods, LLC d/b/a Save A Lot, LTD, hereinafter ("Defendant"), is, upon information and belief, a limited liability company, organized and existing under the law of Missouri, registered to do business in Pennsylvania, with a pricipal place of business at 400 Northwest Plaza Drive, St. Ann, St. Louis County, MO 63074.

4. At all times relevant hereto, Defendant hired Plaintiff to work at 5834 Pulaski Avenue, Philadelphia, PA 19144.

5. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II. JURISDICTION

6. This civil action for sexual harassment, discrimination, and retaliation is instituted pursuant to Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.

7. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

8. The venue is properly laid in this district because the Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by the Defendant, as set forth herein.

9. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act.  (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

## III. FACTS

10. In or about the summer of 2020, Mr. Washington began a romantic relationship with Chad Kagawa.

11. At the time the relationship began, Mr. Kagawa was a district manager for Defendant.

12. The relationship between Mr. Washington and Mr. Kagawa consisted mostly of text messages.

13. At some point in time during the relationship, Defendant posted an open position for Assistant Manager.

14. Mr. Kagawa recommended that Mr. Washington apply for the position, which he did.

15. On or about October 13, 2020, Defendant's field recruiting manager, Nicole Gamse, sent a letter to Mr. Washington, formally offering Mr. Washington the position of Assistant Manager.

16. Mr. Washington accepted the position.

17. On October 13, 2020 and October 19, 2020. Mr. Kagawa sent sexual text messages to Mr. Washington to which Mr. Washington either did not respond quick enough for Mr. Kagawa's liking or failed to respond at all.

18. Shortly thereafter, Mr. Washington decided ended all communication with Mr. Kagawa outside of work.

19. On or about October 20, 2020, Mr. Washington submitted to Defendant's background check and drug screening.

20. On or about October 30, 2020, Defendant rescinded Mr. Washington's offer of employment.

21. Defendant allegedly did so due to a driving while intoxicated charge that Mr. Washington received in 2015.

22. Upon information and belief, due to the remoteness in time between the charge and application for employment as well as the fact that a driving while in toxicated charge has no bearing on Mr. Washington's role as an assistant manager for Defendant, the reason provided by Defendant is pretextual.

23. Upon information and belief, Defendant refused to hire Mr. Washington after he discontinued his romantic relationship with District Manager, Chad Kagawa.

### IV. CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### SEXUAL HARASSMENT – QUID PRO QUO
### (42 U.S.C.A. § 2000e-2(a))

24. Plaintiff incorporates paragraphs 1-23 as if fully set forth at length herein.

25. As set forth above, Plaintiff applied for a position with Defendant at the suggestion of Chad Kawaga, Defendant's District Manager.

26. At set forth above, following being offered a position with Defendant, Plaintiff told Mr. Kagawa to stop sending sexual and explicit text messages to Plaintiff's personal cell phone and discontinued the relationship with Mr. Kagawa.

27. Approximately ten (10) days later, Defendant rescinded its job offer to Plaintiff.

28. Defendant took adverse action against Plaintiff by rescinding his job offer.

29. As set forth above, Plaintiff's refusal to continue in a relationship with Defendant's District Manager was the true reason that Defendant rescinded Plaintiff's job offer.

30. Defendant's decision to rescind Plaintiff's job offer is quid pro quo sexual harassment which is prohibited by Title VII of the Civil Rights Act of 1964.

31. As a result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages as Plaintiff also sustained work

loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

32. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

33. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

## V. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Cordell Washington demands judgement in his favor and against Defendant, Moran Foods, LLC d/b/a Save A Lot, LTD., in an amount in excess of $150,000.00 together with:

A. Compensatory damages for, including but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Punitive damages;

C. Treble damages;

D. Attorneys' fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

Date:  10/01/2021            **LAW OFFICES OF ERIC A. SHAORE, P.C.**

BY: _____
**Robert H. Graff, Esquire**
**Pa. I.D. No.: 206233**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

5

Telephone: 267-546-0132
Telefax: 215-944-6124
Email: RobertG@ericshore.com
*Attorney for Plaintiff, Cordell Washington*

# EXHIBIT "A"

EEOC Form 161 (11/2020)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Cordell Washington<br>3500 Powelton Avenue, Apt. A008<br>Philadelphia, PA 19104 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-01563 | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter* (signature)                                           July 29, 2021

Enclosures(s)                **Dana R. Hutter,**                             *(Date Issued)*
                             **Deputy Director**

cc:  **Kalin Berry**                                    **Robert H Graff, Esq.**
     **VP, Central Services**                           **Two Penn Center, Suite 1240**
     **Moran Foods, LLC dba Save a Lot, Ltd.**          **1500 John F. Kennedy Blvd.**
     **400 NORTHWEST PLAZA DR**                         **Philadelphia, PA 19102**
     **Saint Ann, MO 63074**